FILED
2021 MAR 31 PM 1:51
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BACON,<br><br>  Plaintiff,<br><br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT., *et al.*,<br><br>  Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00162-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). On April 24, 2020 Plaintiff filed his Complaint against Defendants (ECF 6). On August 28, 2020, prior to service of any defendant, Plaintiff requested a stay of proceedings for a period of 90 days (ECF 13). On September 29, 2020, the court entered a stay of the proceedings and ordered Plaintiff to submit an update with the court by January 4, 2021 (Order Staying Case) (ECF 15). Plaintiff failed to submit the required update with the court.

## I.   BACKGROUND

On March 3, 2021, the court ordered Plaintiff to show cause within fourteen days why this action should not be dismissed for failure to prosecute (Order to Show Cause) (ECF 16). The Order to Show Cause was docketed on March 3 (ECF 16) and mailed to Plaintiff the same day at the Adelanto, California United States Penitentiary, which is the address Plaintiff provided when he submitted a change of address on September 24, 2020 (ECF 14). The Order to Show Cause came back as undeliverable on March 23, 2021 and inmate records indicate Plaintiff was released from incarceration (ECF 17). As of the date of this Report and Recommendation, Plaintiff has not responded to the Order Staying Case which directed him

to provide a status report by January 4, 2021, or to the Order to Show Cause.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

In doing so, the court considers:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen,* 333 F.3d at 1204.

Factors two, three, and five favor dismissal. Plaintiff failed to respond to the court's previous two orders. While it is not clear if Plaintiff received a hard copy of the Order to Show Cause, Plaintiff did receive the Order Staying Case but failed to respond by January 4. Moreover, Plaintiff previously informed the court of a change of address (ECF 14) but has not updated the court with a current address since his release from jail. Plaintiff's failure to move this matter along interferes with the judicial process and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction. Plaintiff has been

released from jail, has failed to update his address, and the court is unable to locate Plaintiff (ECF 17). Since Defendants have not yet been served the court cannot find there would be any actual prejudice against them. While the court is unable to confirm whether Plaintiff has received actual notice of the court's previous warnings, on whole, the circumstances here militate in favor of dismissal.

## **RECOMMENDATION**

Based on Plaintiff's failure to prosecute this case, the court **RECOMMENDS** the District Court **DISMISS** this case without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 31 March 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah